**OXFELD COHEN, PC**
60 Park Place, 6th Floor
Newark, New Jersey 07102
(973) 642-0161
Attorneys for Plaintiff
ASC 8184

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY HEALTH CARE EMPLOYERS, DISTRICT 1199J, BENEFIT FUND,<br><br>                    Plaintiff,<br><br>                        v.<br><br>PRIME HEALTH SERVICES DBA SAINT MICHAEL'S MEDICAL CENTER,<br><br>                    Defendant. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

**I.     NATURE OF CLAIM**

1.     Plaintiff brings this action pursuant to 29 U.S.C. ¶1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶ 1001 et seq.  It seeks to enforce obligations of the Defendant, Prime Health Services DBA Saint Michael's Medical Center ("Saint Michael's"), to make unpaid contributions for shift differential and callback wages, and interest, for employees who were excluded from the payroll after their sixty one day probationary period expired for 2016 to the District 1199J, New Jersey Health Care Employers Benefit Fund ("Benefit Fund"), Plaintiff.

2.     In this action, Plaintiff seeks declaratory judgment, payment of unpaid benefit fund contributions for shift differential and callback wages, pre-judgment interest on unpaid contributions, damages equal to the greater of the interest on unpaid contributions for shift

1

differential and callback wages, or liquidated damages, injunctive relief, production of payroll records, reasonable attorney's fees, and such other legal or equitable relief as the Court deems necessary and proper.

## II.   JURISDICTION

3.   Jurisdiction of this Court is invoked pursuant to 29 U.S.C. ¶ 1132 of ERISA, entitled "Civil Enforcement," and 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA").  Venue properly lies in this district under ERISA, 29 U.S.C. § 1132(e)(2).

## III.   PARTIES

4.   Plaintiff is an employee benefit plan within the meaning of ERISA.  Its offices are located at 9-25 Alling Street, Newark, New Jersey 07102.  Defendant, Saint Michael's is an employer with a bargaining unit of employees within the meaning of the National Labor Relations Act ("Act"), 29 U.S.C. 151 et seq., and is an employer within the meaning of ERISA.  Defendant is located at 268 Dr. Martin Luther King, Jr. Boulevard, Newark, New Jersey 07030.

## IV.   STATEMENT OF FACTS

5.   Saint Michael's is a participant in an Agreement and Declaration of Trust ("Trust") for the Benefit Fund.  Article V, Section 5.1 of the Trust, entitled "Contribution By Written Agreement," provides that:

> The contributions to the Trust Fund shall be made pursuant to the terms of the Collective Bargaining Agreements or such other agreements as may be executed to require an Employer to Contribute on behalf of its Employees; however, there shall be a minimum level of Contributions required for an Employer to participate in this Trust Fund which shall be equal to the dollar amount per participating employee being contributed by the New Jersey Employers. An Employer shall not be required to make any Contribution except as provided in the Collective Bargaining Agreement or other such agreement to which the Employer is a party.

6. Section 5.3 of Article V of the Trust, entitled "Nonpayment," provides that:

> The failure of an Employer to pay the Contributions as required hereinunder shall be a violation of the Collective Bargaining Agreement or other agreement of the said Employer.  Non-payment by an Employer of any Contributions when due shall not relieve any other Employer of its obligation to make payments.

7. Section 5.4 of the Trust entitled, "Documents: Access and Filing," provides that:

> Each Contributing Employer shall furnish or make available to the Trustees upon their written demand such pertinent wage and payroll information relating to its Employees covered by the Collective Bargaining Agreement or other agreement requiring contributions as shall be necessary for the implementation of the Trust. Each Employer shall also render to the Trustees with the payment of its Contributions written reports as to the wages paid to its Employees and the Contributions due or payable to the Trust Fund pursuant to the Collective Bargaining Agreement or other agreement.

8. Section 5.5 of the Trust, entitled "Audits," provides that:

> The Trustees, or their authorized representatives, may examine and audit the pertinent payroll books and records of each Employer whenever such examination or audit is necessary in connection with the proper administration of the Trust Fund.  The Employers shall make such documents as required to perform the audit available to the Trustees or their authorized representatives.

9. District 1199J and Saint Michael's, are parties to a collective bargaining agreement ("Agreement") for a specified bargaining unit.  The article concerning contributions to the Fund provides in part as follows:

> 1. The Employer shall continue to contribute to the District 1199J New Jersey Benefit Fund for Hospital and Health Care Employees, and shall make monthly payments based upon the

previous month's payroll. Payments shall be due no later than thirty (30) days following the payroll month on which they are based. By way of example, a January contribution shall be based on the payroll for the month of December and shall be made no later than the thirtieth (30th) day of January,

(a) Effective with the payroll commencing on May 1, 2016, the contribution shall consist of a sum equal to twenty-five percent (25%) of gross payroll of the Employees for the preceding month exclusive of amounts earned by Employees during the first two (2) months following the beginning of their employment.  Such payments shall be used by the Trustees of the Benefit Fund for the purpose of providing the Employees with social benefits, e.g. disability benefits, death benefits and hospital benefits as the Trustees of the said Fund may from time to time determine.

2. If a payment or payments are not made in compliance with Section 1 above, the Employer shall, from and after the due date thereof, and until full payment of arrears is made, pay interest on such arrears at the rate of Citibank's prime plus two (2%) percent per annum or the maximum permitted by law,
whichever is less.

3. The District 1199J New Jersey Benefit Fund shall be held and administered under the terms and provisions of the Agreement and Declaration of Trust, and any amendments thereof, which provides for equal representation by the Union and the Employers contributing to said Fund and that any dispute whatsoever that may arise or deadlock that may develop among or between said Trustees shall be submitted to arbitration before an Arbitrator or Umpire, except as may be otherwise provided for in said Agreement and Declaration of Trust, and his/her decision shall be final and binding.

4. The Employer will cover employees for disability benefits as provided by State law. The Employer will pay the Employee's contribution for disability.

5. An independent audit of the District l 199J, New Jersey Benefit Fund shall be made annually and a statement of the results thereof shall be furnished to the Employer.

9. Saint Michael's is obligated to make monthly contributions to the Fund at the rate of 6.19% of gross payroll, effective July 2006.  Prior thereto the contribution rate was 5.19%.  In 2016 it has been delinquent on its obligation to make contributions to the Fund.

10. Defendant is delinquent on its contributions in the amount of $67,639.36 for 2016.

11. Defendant is delinquent on its interest payments in the amount of $8,853.70 for 2016.

## V. COUNT ONE

12. 29 U.S.C. § 1145 of ERISA requires an employer to comply with its obligation to contribute to a multi-employer benefit plan.  Section 1145 provides as follows:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and contributions of such plan or such agreement."

13. The contractual obligations of Defendant Saint Michael's are found both in the Trust and the Labor Agreement.

14. The auditor for the Fund conducted an audit of Defendant for the period of January 1, 2015 through November 30, 2016, regarding the accuracy and completeness of the monthly contributions to the Fund.  It is determined that Saint Michael's is delinquent in the amount of $67,639.36, with interest to date.   This audit was conducted under Section 5.5 of the Trust.  Demand was made by the Fund for payment.  Saint Michael's has not made payment.

## VI. DEMAND FOR JUDGMENT

**WHEREFORE**, plaintiff respectfully requests that this Court:

1. Enter judgment that the failure to make appropriate contributions to the Benefit Fund constitutes a violation of ERISA, the Labor Agreement and the Agreement and Declaration of Trust;

2. Require the payment of unpaid contributions to the Fund;

3. Require the payment of pre-judgment interest on the unpaid contributions;

4. Require the payment of an additional amount equal to the greater of interest or liquidated damages;

5. Require the issuance of an injunction compelling Defendant to satisfy the demands made by Plaintiff, and requiring it to make all appropriate contributions;

6. Require the payment of reasonable attorney's fees and costs of suits; and

7. Require such other legal or equitable relief as the Court deems necessary.

Respectfully submitted,
OXFELD COHEN, PC

*/s/ Arnold Shep Cohen*

BY:_____
ARNOLD SHEP COHEN

DATED:   June 3, 2021

## CLAIM FOR JURY TRIAL

Plaintiff claims its rights to a trial by jury on all issues.

Respectfully submitted,
OXFELD COHEN, PC

*/s/ Arnold Shep Cohen*

BY:_____
ARNOLD SHEP COHEN

DATED:   June 4, 2021